IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MBI ENERGY SERVICES, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT HOCH; CHARLES )<br>KANNEBECKER, as stakeholder only; )<br>KANNEBECKER LAW, as stakeholder )<br>only, )<br>)<br>    Defendants. ) | Case No.: 1:16-cv-00329-DLH-CSM |

**MBI ENERGY SERVICES, INC.'S RESPONSE IN OPPOSITION TO
ROBERT HOCH'S MOTION TO TRANSFER**

Plaintiff, MBI Energy Services ("MBI"), submits the following Response in Opposition to Defendant Robert Hoch's Motion to Change Venue:

**INTRODUCTION**

This action was filed by MBI as fiduciary of the Missouri Basin Health Plan ("Plan"), which is self-funded and covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.[1] MBI is the Plan Administrator. MBI administers the Plan in Belfield, North Dakota. Blue Cross Blue Shield of North Dakota is the claims administrator and it administers claims in Fargo, North Dakota.

The Plan's Summary Plan Description ("SPD") contains a section entitled, "Rights of Subrogation, Reimbursement, and Assignment," which sets forth the Plan's rights of subrogation and reimbursement and creates a first-priority reimbursement interest in the full amount of benefits paid by the Plan without regard to any made-whole rule or characterization of the nature

---

[1] RE #1, Complaint at ¶ 1.

or purposes of the amounts recovered.[2] This provision requires a participant to reimburse the Program for all benefits paid in the event the participant is able recover funds from another party. This case was filed under 29 U.S.C. § 1132(a)(3) to enforce the Plan's right of reimbursement after the underlying personal injury accident ("Accident") was settled.

This Court is the proper venue for this action because MBI administers the Plan in this District.[3] Hoch, who resides in Pennsylvania, filed a motion to transfer venue to the United States District Court for the Middle District of Pennsylvania.[4] Hoch filed this motion pursuant to 28 U.S.C. § 1404. Hoch's motion should be denied because Hoch has failed to meet his threshold showing that the Middle District of Pennsylvania is more convenient than this Court. Consequently, MBI requests that the Court deny Hoch's motion to transfer and that it retain jurisdiction over this matter.

## LAW AND ARGUMENT

**I.     Venue is proper in this Court.**

Under ERISA, a proper choice of venue is the district in which the plan is administered.[5] Venue is proper in this Court because the Plan is administered in this district by MBI.[6]

A Court can transfer a matter to another district court in certain limited circumstances. With respect to transfers amongst federal district courts, Congress has codified the common law doctrine of *forum non conveniens* in 28 U.S.C. § 1404(a).[7] Under this statute, a party may obtain a transfer—rather than dismissal—when another federal district court is the more convenient

---

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 8; 29 U.S.C. § 1132(e)(2).

[4] Blue Cross assumes the motion seeks a transfer to the United States District Court for the Southern District of Florida, which is the district court overseeing Palm Beach County.

[5] *See* 29 U.S.C. § 1132(e)(2).

[6] RE #1 at ¶ 8.

[7] *Sinochem Int'l. Co., Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 430 (2007).

forum.[8]  The party requesting the transfer has the burden of proving by a preponderance of evidence that the transfer is warranted.[9]  In resolving a motion to transfer, the Court generally considers (1) the Plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice."[10]

> **A.    Hoch fails to overcome the presumption in favor of Blue Cross's choice of forum.**
>
> > **1.    In an ERISA case, Plaintiff's choice of forum should not be disturbed unless Hoch presents clear and convincing evidence that a transfer would be proper.**

In resolving a motion to transfer venue, the "plaintiff's choice of forum if due substantial deference and, unless the balance of convenience is strongly in Defendants' favor, it should not be disturbed."[11]  The United States District Court for the Middle District of Pennsylvania—the court where Hoch seeks to transfer this case—has recognized that a Plaintiff's choice of venue is entitled to greater deference when it is the Plaintiff's home forum.[12]

Venue selection is given even greater deference still in ERISA actions.[13]  ERISA's special venue provision, 29 U.S.C. § 1132(e)(2), reflects Congress's intent to protect the financial integrity of ERISA plans by allowing fiduciaries to bring actions to recover plan assets

---

[8] *Id.*

[9] *Wellmark, Inc. v. Deguara*, 4:02-cv-40534, 2003 U.S. Dist. LEXIS 9163 at *12 (S.D. Iowa May 28, 2003); *IBEW-NECA Southwestern Health and Benefit Fund v. Gurule*, 3:03-cv-0092, 2003 U.S. Dist. LEXIS 8652 at *9 (N.D. Tex. May 22, 2003).

[10] *Williams v. Sykes Enterprises, Inc.*, No. 13-cv-0946, 2013 U.S. Dist. LEXIS 150249 at *7 (D. Minn. Sept. 23, 2013) (citing *Terra Int'l. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)).

[11] *Intl. Painters v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 55–56 (D. D.C. 2004).

[12] *Kovatch Corp. v. Rockwood Systems Corp.*, 666 F. Supp. 707, 708 (M.D. Pa. 1986); *Intl. Painters*, 357 F. Supp. 2d at 56.

[13] *Intl. Painters*, 357 F. Supp. 2d at 56; *see also Board of Trustees, Sheet Metal Workers' Natl. Pension Fund v. Sullivan Ave. Properties, LLC*, 508 F. Supp. 2d 473, 477 n.2 (E.D. Va. 2007); *Trustees of the Natl. Asbestos Workers Pension Fund and Medical Fund v. Lake Erie Insulation Co.*, 688 F. Supp. 1059, 1060 (D. Md. 1988).

in their home district.[14] A plaintiff's choice of forum—particularly its home forum—should not be disturbed unless the movant demonstrates that the balance of convenience and justice weigh heavily in favor of a transfer.[15] Hoch's motion fails to meet this burden.

> 2. Convenience of the witnesses does not favor transfer because key witnesses reside in North Dakota, and, in any event, cases like this rarely, if ever, require live testimony.

Hoch contends that all of the witnesses that will be presented at trial reside in the Pennsylvania. However, Hoch's arguments do not support a transfer for several reasons. First, to resolve this matter, the Court need only decide whether the Plan is entitled to reimbursement from Hoch's personal injury recovery. This case presents a pure question of law that can be resolved on motion papers and by reference to the Plan terms, thus, the case is unlikely to require witnesses to travel to North Dakota.[16] If cases like this ever went to trial—and they do not, in this firm's 15 years of experience—there would likely be three witnesses: (1) Hoch; (2) a plan representative; and (3) a representative from Blue Cross Blue Shield of North Dakota. Two of the three witnesses reside in North Dakota.

Hoch asserts that several non-party medical witnesses will be required to testify in this case. Hoch, however, fails to state precisely what these medical witnesses will testify to, or why

---

[14] *Intl. Painters*, 357 F. Supp. 2d at 56 (Congress enacted ERISA's special venue provision to make plan fiduciaries collection efforts more "efficient, economical, and inexpensive.").

[15] *Express Scripts, Inc. v. Eden Surgical Ctr.*, 4:10-cv-01409, 2010 U.S. Dist. LEXIS 122775 at *13 (E.D. Mo. Nov. 18, 2010) (citing *Fru-Con Constr. Corp. v. Controlled Air Inc.*, 574 F.3d 527, 540 (8th Cir. 2009); *Deguara*, 2003 U.S. Dist. LEXIS 9163 at *13-14; *Kovatch Corp. v. Rockwood Systems Corp.*, 666 F. Supp. 707, 708 (M.D. Pa. 1986) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("it is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request")).

[16] *Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Soles*, 204 F. Supp. 2d 1184, 1186 (W.D. Ark . 2002); *Electric Energy, Inc. v. Lambert*, No. 10-cv-2629, 2010 U.S. Dist. LEXIS 120276 at *8–9 (W.D. Tenn. Nov. 11, 2010).

such testimony is necessary.[17] As illustrated by the release he executed, the nature and extent of Hoch's injuries were determined in the underlying personal injury matter that resulted in his personal injury settlement.[18] Consequently, medical testimony is not required.

Because Hoch has not offered a reason why the enumerated witnesses would be necessary, the Court should not find this to be a valid reason for the requested transfer.[19]

### 3. Convenience of the parties does not favor Hoch.

The same holds true with respect to convenience of the parties. It is well settled that the "convenience of the parties" factor is "somewhat illusory" and more a factor of "whose ox is being gored."[20] Shifting the inconvenience from one party to another is not a permissible justification for granting a transfer.[21] Moreover, when the plaintiff files an action in its home forum, convenience of the parties "rarely, if ever, operates to justify a transfer."[22] Hoch has offered evidence that he will be inconvenienced by a transfer, but it is his refusal to abide by the Plan terms that resulted in this litigation. As illustrated above, Congress enacted the ERISA venue statute to make plan fiduciaries collection efforts more "efficient, economical, and inexpensive."[23] The requested transfer will merely shift the inconvenience of the parties from Hoch to Plaintiff, such a result does not warrant a transfer to the Middle District of Pennsylvania.

---

[17] *Deguara*, 2003 U.S. Dist. LEXIS 9163 at *20 (medical testimony is unnecessary in ERISA reimbursement matter); *IBEW-NECA Southwestern Health and Benefit Fund v. Gurule*, 3:03-cv-0092, 2003 U.S. Dist. LEXIS 8652 at *13-14 (N.D. Tex. May 22, 2003).
[18] RE #3-2, Release at 4–5.
[19] *Gurule*, 2003 U.S. Dist. LEXIS 8652 at *20.
[20] *Central States v. Mississippi Warehouse Corp.,* No. 91C1332, 1991 U.S. Dist. LEXIS 14632 (N.D. Ill. Oct. 10, 1991).
[21] *Terra Int'l. Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696-97 (8th Cir. 1997).
[22] *Bd. of Trs., Sheet Metal Workers' Natl. Pension Fund*, 508 F. Supp. 2d at 478.
[23] *Intl. Painters*, 357 F. Supp. 2d at 56.

### 5. The "interest of justice factor" does not favor Hoch.

The interest of justice factor includes "(1) judicial economy, (2) Plaintiff's choice of forum, (3) comparative costs to the parties litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) advantages of having a local court determine questions of law."[24]

Some of the factors are neutral because there is no obstacle to a fair trial in either court, nor are there any conflict of law issues.

Plaintiff's choice of forum strongly mitigates against a transfer. As noted above, even greater deference should be given to this factor in ERISA matters.

The advantage of having a local court resolve this issue factor also weighs against a transfer. MBI administers claims within this District, and, thus, has an interest in maintaining uniformity in enforcement of the Plan terms by having such matters heard in this District, which is in keeping with Congress's ERISA enforcement policy.[25]

While this case is still in its infancy, the Court is familiar with the facts of the case and documents that are dispositive as to the Plan's reimbursement interest. The Court has already reviewed these documents in granting MBI's motion for a temporary restraining order. Thus, a transferee court will have to re-review many of the documents and pleadings already filed in this court, which will not enhance judicial economy.

Finally, this Court has control of the *res* at issue in this litigation.[26] Courts have long recognized that when a court acquires exclusive control over the *res*, in an *in rem* action, "it may

---

[24] *Williams*, 2013 U.S. Dist. LEXIS 150249 at *7 (citing *Terra Int'l.*, 119 F.3d at 691).
[25] *Trustees of the Natl. Asbestos Workers Pension Fund and Medical Fund*, 688 F. Supp. at 1060.
[26] Receipt #316000587 indicates that $45,473.59 was deposited into the registry of this Court.

maintain and exercise jurisdiction over that property to the exclusion of the other."[27] Because this Court has jurisdiction over the *res*, it is the proper venue for this action.

## CONCLUSION

Hoch has not his burden to show by the preponderance of the evidence that the United States District Court for the Middle District of Pennsylvania is more convenient than the United States District Court for the District of North Dakota. Thus, MBI respectfully requests that the Court deny Hoch's Motion to Transfer Venue and retain this matter.

Dated: October 28, 2016.

Respectfully submitted,

/s/ J. Gordon Howard
J. Gordon Howard
Thomas H. Lawrence*
J. Matthew Stephens*
Jodi Bishop Runger*
LAWRENCE & RUSSELL, PLC
5178 Wheelis Drive
Memphis, Tennessee 38117
Phone: (901) 844-4449
Facsimile: (901) 844-4435
E-Mail: gordonh@lawrencerussell.com
toml@lawrencerussell.com
matts@lawrencerussell.com
jodir@lawrencerussell.com

*Attorneys for Plaintiff.*

*Application for admission* pro hac vice *to be filed.*

---

[27] *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1939) (quoting *Penn General Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)); *see also Administrative Committee v. Varco*, No. 01-C-8277, 2002 U.S. Dist. LEXIS 530 at *11-16 (N.D. Ill. Jan. 14, 2002).

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 28, 2016, I served a true and correct copy of the foregoing document upon all counsel of record by electronic filing in accordance with the Court's electronic filing program, and by properly addressed first class mail to any others.

Charles Kannebecker, Esq.
104 West High Street
Milford, PA 18337


                                               /s/ J. Gordon Howard
                                                  J. Gordon Howard