IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| MBI Energy Services, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT AND MOTION TO** |
| vs. | ) | **DISMISS AND DENYING** |
| | ) | **DEFENDANT'S MOTION FOR** |
| Robert Hoch, | ) | **PARTIAL SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | Case No. 1:16-cv-329 |

Before the Court are the parties cross motions for summary judgment, as well as the Plaintiff's motion to dismiss the Defendant's counterclaim. See Docket Nos. 25, 30, and 36. For the reasons set forth below, the Court grants the Plaintiff's motions and denies the Defendant's motion.

I.  **BACKGROUND**

Plaintiff MBI Energy Services ("MBI") is a sponsor and administrator of the Missouri Basin Health Plan ("Plan"). The Plan is a self-funded health benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant Robert Hoch ("Hoch") was a member and beneficiary of the plan. Hoch sustained injuries in an accident that occurred on December 20, 2012. MBI claims the plan paid $68,210.38 in health benefits related to Hoch's injuries. Hoch settled a tort claim with the individual who allegedly caused the accident for $320,000. See Docket No. 3-2, p. 4.

MBI filed a complaint against Hoch and his attorney, Charles Kannebecker ("Kannebecker"), and the Law Office of Charles Kannebecker, LLC ("Law Office") to recover the medical benefits MBI asserts the Plan paid on Hoch's behalf. MBI's complaint was accompanied

by an itemized benefit statement showing the Plan paid a total of $68,210.38. See Docket No. 1-1. MBI asserts the Plan requires members to reimburse the Plan for benefits it pays if a member obtains a recovery from a tortfeasor. The Summary Plan Description ("SPD") contains a provision entitled "Rights of Subrogation, Reimbursement, and Assignment." It states, in part:

> If a member makes any recovery from a third party . . . whether by judgment settlement or otherwise, the Member must notify the Claims Administrator of said recovery and must reimburse the Claims Administrator on behalf of the Group to the full extent of any benefits paid by the Claims Administrator, not to exceed the amount of the recovery.

See Docket No. 1-2, p. 74. The Plan's claims administrator is Blue Cross Blue Shield of North Dakota ("BCBSND"). MBI entered into an Administrative Service Agreement ("ASC") with BCBSND that sets forth various provisions regarding claims administration. See Docket No. 28-2, p. 18. The SPD is attached to the ASC as an exhibit. See Docket No. 32-1, p. 33.

MBI, Hoch, and Kannebecker entered into a stipulation agreement on September 26, 2016. MBI agreed to dismiss its claim against Kannebecker and his Law Office without prejudice. In turn, Hoch and Kannebecker agreed to deposit $45,473.59 ("the Disputed Funds") with the Court pending resolution of MBI's claim. See Docket No. 7. Kannebecker deposited the Disputed Funds with the Registry of the Court on September 29, 2016. Hoch then reduced its reimbursement claim by one-third (for a total claim amount of $45,473.59) to account for costs Hoch incurred due to his tort recovery efforts. See Docket No. 25, p. 2.

MBI moved for summary judgment on March 29, 2017. Hoch brought a counter motion for partial summary judgment on April 13, 2017. On the same date, Hoch also brought a counterclaim. MBI moved to dismiss Hoch's counterclaim on April 27, 2017.

## II.　LEGAL DISCUSSION

MBI's summary judgment motion asserts the SPD's reimbursement language gives the Plan an equitable lien on Hoch's recovery proceeds. Hoch's counter motion for summary judgment argues the SPD is not a valid plan document and thus MBI has no right to reimbursement. Hoch's counterclaim asserts MBI breached fiduciary duties it owed to himself and other plan members. MBI, as fiduciary for the Plan, asserts it has a right to reimbursement pursuant to the SPD's reimbursement provision. MBI claims the SPD creates an equitable lien on a portion[1] of the proceeds Hoch recovered from the alleged tortfeasor. Hoch contends MBI is not entitled to reimbursement because the SPD is only a summary of the plan, and it conflicts with the ASC, which is the controlling plan document. Hoch also argues there are issues of material fact that preclude a grant of summary judgment in MBI's favor.

### A.　STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir. 2007); see also Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." State Auto Ins. Co. v. Lawrence, 358 F.3d 982, 985 (8th Cir. 2004). Rather, an issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S.

---

[1] MBI's original claim was for the full amount of benefits the Plan paid. See Docket No. 1. MBI later reduced its claim for costs Hoch incurred while negotiating a settlement with the alleged tortfeasor. See Docket No. 25, p. 2.

at 248. The moving party always bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party may not rely merely on allegations or denials; it must set out specific facts showing a genuine issue for trial. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). The court must view the facts in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

### B. **MBI IS ENTITLED TO REIMBURSEMENT**

MBI brings its claim under 29 U.S.C. § 1132(a)(3), which allows a plan fiduciary to bring a civil action to obtain "appropriate" equitable relief to redress violations and enforce provisions of the plan. The United States Supreme Court has held "the enforcement of a lien created by an agreement to convey a particular fund to another party" constitutes appropriate equitable relief under Section 1132(a)(3). Montanile v. Brd. of Tr. of the Nat'l Elevator Indus., 136 S.Ct. 651, 654 (2016).

ERISA requires plans "be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). "Courts often refer to written instruments as 'plan documents.'" Rhea v. Alan Ritchey, Inc. Welfare Benefit Plan, 858 F.3d 340, 344 (5th Cir. 2017). "[E]mployers have large leeway to design disability plans and other welfare plans as they see fit." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 838 (2003). However, ERISA mandates plan documents contain certain features, including specifying "the basis on which payments are made to and from the plan." 29 U.S.C. § 1102(b). ERISA also requires plan administrators provide a summary plan description ("SPD") to plan members. See id. § 1024(b)(1). The SPD must "be written in a manner calculated to be understood by the average plan participant and shall be sufficiently accurate and

comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." Id. § 1022.

It is often unclear which document or documents constitute the plan. Admin. Comm. of Wal-Mart Stores, Inc. v. Gamboa, 479 F.3d 538, 542 (8th Cir. 2007). "Often the terms of an ERISA plan must be inferred from a series of documents none clearly labeled as 'the plan.'" Id. "A formal plan document is one which a plan participant could read to determine his or her rights or obligations under the plan." United Food & Commercial Workers Union v. Campbell Soup Co., 898 F. Supp. 1118, 1136 (D.N.J. 1995) (citing Curtis-Wright Corp. v. Schoonejongen, 514 U.S. 73, 84 (1995)). "Summary plan descriptions are considered part of ERISA plan documents." Barker v. Ceridian Corp., 122 F.3d 628, 633 (8th Cir. 1997). See also Hughs v. 3M Retiree Med. Plan, 281 F.3d 786, 790 (8th Cir. 2002); Jensen v. SIPCO, Inc., 38 F.3d 945, 949 (8th Cir. 1994). "Where no other source of benefits exists, the summary plan description *is* the formal plan document, regardless of its label." Gamboa, 479 F.3d at 544 (emphasis in original).

Hoch asserts the SPD is merely a summary of the plan, and thus it is a "legally insufficient document to confer subrogation and repayment rights." See Docket No. 28, p. 11. In *Board of Trustees v. Moore*, the plaintiff similarly argued a subrogation provision was unenforceable because it appeared only in the SPD and not in the trust agreement that established and funded the plan. 800 F.3d 214, 218 (6th Cir. 2015). The trial court found the SPD was the controlling plan document because there was no other provision establishing the rights and obligations of members under the plan. Id. at 220. On appeal, the plaintiff relied—as does Hoch—on the United States Supreme Court's observation in *Cigna Corp. v. Amara*, "that 'summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan.'" Id. (emphasis in original) (quoting Cigna Corp v.

5

Amara, 563 U.S. 421, 438 (2011)). The Sixth Circuit Court of Appeals upheld the district court's enforcement of the SPD's subrogation provision. It explained that *Amara* does not stand for the proposition that an SPD cannot be a plan document:

> In *Amara*, however, it was clear that one document functioned as the plan itself, that a different document functions as the summary plan description, and that the two documents contained conflicting terms. Nothing in *Amara* prevents a document from functioning both as the ERISA plan *and* as an SPD, if the terms of the plan so provide.

Id. (emphasis in original). The Court agrees with the analysis in *Moore*; there is no prohibition on SPDs serving as plan documents. As in *Moore*, the SPD is the only document that sets forth member benefit rights and obligations. Hoch was paid benefits pursuant to the SPD. If the SPD were not a plan document, there would effectively be no plan.

Hoch alternatively asserts that even if the SPD is a plan document, it conflicts with the ASC, which controls. Because the ASC has no reimbursement language, Hoch argues the Plan has no right to reimbursement. The ASC is an agreement between the Plan and its claims administrator, BCBSND. The ASC contains terms concerning the handling of claims. On the other hand, the SPD contains terms regarding member benefits and obligations. Given this scheme, inclusion of language in the ASC regarding a member's reimbursement obligation would be unexpected. See Campbell Soup Co., 898 F. Supp. at 1136 (finding ASC between welfare plan and plan administer was as a contract for services and did not contain provisions regarding member health benefits). The Court concludes that, despite its label, the SPD is a plan document and there is no conflict between it and the ASC. The Plan's reimbursement provision creates an equitable lien on Hoch's recovery, and thus MBI is entitled to the Disputed Funds as a fiduciary of the Plan.

## C. THERE ARE NO ISSUES OF MATERIAL FACT

Hoch asserts summary judgment is not appropriate at this stage because there are material issues of fact.[2] Hoch first claims there is a factual dispute regarding the payment of benefits; he "denies that the plan actually paid all the money alleged." See Docket No. 29-1, pgs. 11-12. The moving party bears the initial burden of showing there is no genuine issue of material fact. Celotex Corp., 477 U.S. at 323. MBI supported its motion with (1) an itemized benefit statement showing dates and amounts paid; (2) correspondence between Hoch's attorney and a BCBSND representative discussing the Plan's lien amount; and (3) an email from the tortfeasor's insurer indicating Hoch renegotiated the settlement amount based on an increase in the Plan's lien amount. See Docket Nos. 1, 32, 33, and 36. "[A] nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." Forrest, 285 F.3d 691. Hoch has not alleged a single fact in support of his assertion that the Plan did not pay him the full amount of benefits MBI claims. Hoch simply rests on his one sentence denial without further explanation. Hoch has not raised a factual dispute regarding the amount of benefits the Plan paid.

Second, Hoch contends summary judgment is not appropriate because the benefits the Plan paid were not for treatment related to the fall for which he obtained a recovery. Hoch supports this allegation with one sentence in a declaration by his attorney: "Robert Hoch had already had injury to his shoulder prior to his fall on December 20, 2012." See Docket No. 31-1, p. 1. There are no other details in the record regarding this prior fall, what type of injuries resulted, whether

---

[2] In his response to MBI's motion for summary judgment, Hoch states, in a footnote, that he "incorporates herein by reference the averments and facts set forth in Defendant's Rule 56(d) Declaration" and he asks the Court to defer ruling on MBI's summary judgment motion until he has had an opportunity for further discovery. See Docket No. 29-1, p. 12. Hoch has not submitted any declaration or other document, as required by the rule, setting forth the basis for why he is entitled to Rule 56(d) relief as to MBI's motion for summary judgment. The Court will not address his informal request.

the injuries necessitated medical care, or what amount the Plan paid for his injury. Moreover, Hoch has not met his burden of showing how this fact, even if true, is material under the substantive law of the case. The reimbursement language in the SPD appears to require members to reimburse the Plan for any benefits paid after a recovery, regardless of whether the benefits paid were on account of the specific injury for which the member obtained a recovery:

> If a member makes *any* recovery from a third party . . . the Member must . . . reimburse [the Plan] . . . to the full extent of any benefits paid . . . . This right of reimbursement shall apply to *any* such recovery . . . . *Any* recovery the member may obtain is conclusively presumed to be for the reimbursement of benefits paid . . . .

See Docket No. 1, p. 3 (emphasis added). Hoch has not provided a legal basis for his suggestion that his alleged prior fall relieves him of his reimbursement obligation under the SPD.

Last, Hoch asserts there are factual issues concerning whether "the purported subrogation terms were properly placed into the Plaintiff's documents . . . . In order to be operative, the terms of any SPD agreement or plan must be properly and legally incorporated into the document." See Docket No. 29-1, p. 12. Hoch provides no legal basis for what steps would be required for "proper and legal incorporation," nor does he articulate how MBI may have failed to follow these steps. Regardless, as the Court has explained, the SPD *is* the controlling plan document. The Court concludes there are no genuine issues of material fact, and MBI is entitled to judgment as a matter of law. Further, because the Court concludes MBI is entitled to reimbursement, the Court finds Hoch's counterclaims against MBI necessarily fail.

III. **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion for Summary Judgment (Docket No. 25) and **DENIES** the Defendant's Motion for Partial Summary Judgment

(Docket No. 30).  The Court also **GRANTS** the Plaintiff's Motion to Dismiss the Counterclaims (Docket No. 36) and **DISMISSES** Hoch's counterclaims against MBI.   The Court directs the Clerk of Court to enter judgment in favor of MBI Energy Services in the amount of $45,473.59.

**IT IS SO ORDERED**

Dated this 28th day of February, 2018.

<u>/s/  Daniel L. Hovland</u>
Daniel L. Hovland, Chief Judge
United States District Court